# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2361 | **DATE** | 6/21/2002 |
| **CASE TITLE** | Heidi M. Muecke, etal vs. A-Reliable Auto Parts, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/28/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's motion and amended motion to send notice to class members (21-2) with regard to the FLSA claim but denies her motion and amended motion for class certification (21-1) with regard to the state law claims. The Court directs the parties to submit an agreed proposed notice, or alternative proposals of a notice, to chambers on or before 6/28/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 25 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | | 6/21/2002 date mailed notice |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEIDI M. MUECKE and MICHAEL V. PENNEY, <br><br> Plaintiffs, <br><br> vs. <br><br> A-RELIABLE AUTO PARTS AND WRECKERS, INC., U-PULL IT, JUST FOREIGN, TRUX R US, SPEEDWAY AUTO, SHERRI HECKENAST, and FRANK HECKENAST, <br><br> Defendants. | Case No. 01 C 2361 <br><br> **DOCKETED** <br> JUN 2 5 2002 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Heidi Muecke sued her former employer, A-Reliable Auto Parts and Wreckers, Inc., the company's owner Frank Heckenast, and its manager Sherri Heckenast, for unpaid regular and overtime wages under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. In her original complaint, Muecke, who was paid by the hour, alleged that A-Reliable failed to pay her and other similarly situated employees for work-related meetings that occurred after normal work hours and failed to compensate her for certain hours worked during the normal work week. She has since filed an amended complaint, adding a second plaintiff, Michael Penney, as well as four additional defendants, U-Pull It, Just Foreign, and Speedway Auto, all described as corporations owned by Frank Heckenast and managed by Sherri Heckenast. Penney is described as having been paid by A-Reliable but as having worked for all of the corporate defendants at the Heckenasts' direction.

40

The FLSA permits collective actions to be maintained on an "opt-in" basis. 29 U.S.C. §216(b). Muecke has moved the Court pursuant to §216(b) for permission to send notice to present and former employees of A-Reliable and U-Pull It of the pendency of the case and their right to opt-in and assert FLSA claims, and pursuant to Fed. R. Civ. P. 23(b)(3) to certify a class of present and former employees of those entities with respect to the parallel state law claims.

Before the Court can direct the sending of notice to present and former employees with regard to the pendency of the FLSA claims and the employees' right to join the case, we must be satisfied that there are others who are similarly situated to plaintiffs with respect to their claim that the FLSA was violated, that is, that others were subjected to the allegedly unlawful practices. *See, e.g., Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1212-16 (5th Cir. 1995) (discussing the point in the related context of an ADEA representative action); *D'Anna v. MIA-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995) (same). The Court initially was not persuaded that Muecke could show that anyone other than herself had been wronged, but discovery has now revealed that the matters of which she complains appear to have been common practices that were applied to many or most employees. We do not at this time determine whether those practices were in fact unlawful – that would be premature – but instead have followed the Seventh Circuit's directive, made in the somewhat analogous Rule 23 context, that we look beyond the complaint to determine whether the requirements for maintaining a collective action have been met. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001).

Though Muecke initially sued only one entity, A-Reliable, through discovery she has developed evidence arguably indicating that the Heckenasts, who if the appropriate predicate is shown may be individually liable under FLSA, *see, e.g., United States Department of Labor v.*

2

*Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995), followed the same policies for all of their companies and had employees work interchangeably among the various entities. *See* Pltf. Amended Motion, pp. 5-8. For these reasons, and based on Penney's allegation that he worked interchangeably at several of the Heckenasts' companies, the Court agrees with plaintiffs that it is appropriate to send notice of the pendency of this case to the present and former employees of A-Reliable and U-Pull It who were paid on an hourly basis. Plaintiffs do not currently seek to represent employees of the Heckenasts' other entities. *See* Pltf. Amended Motion, p. 3 n.2. They argue that they should be able to include certain salaried employees, including inside salesmen, on the grounds that certain of defendants' practices effectively converted those employees to hourly status under the law, but they have failed adequately to justify this contention, so we reject it.

The next question is whether the Court should certify a class on plaintiffs' state-law claims. If certified, the class would consist of all present and former hourly employees of A-Reliable and U-Pull It, save those who decided after receiving notice to opt out of the class. Before the Court can certify a class under Rule 23(b)(3), the provision upon which plaintiffs rely, we must be satisfied that all of the requirements of Rule 23(a) as well as those of Rule 23(b)(3) have been met. The Court has little doubt that plaintiffs can satisfy the requirements of Rule 23(a) – numerosity of the class, commonality of issues, typicality of the named plaintiff's claims, and adequacy of representation – as well as one of the requirements of Rule 23(b)(3) – predominance of common questions over individual issues. But the case founders on the requirement that the plaintiffs show that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In this case,

once employees who receive notice have decided whether to opt into the FLSA class, we will have before the Court as plaintiffs all of the present and former employees who wish to pursue a claim for unpaid wages.[1] Each of those persons then will be able to pursue on his or her own behalf state law claims, which cover the very same conduct as the FLSA claim. It is entirely possible – particularly in light of the significant dispute over whether the alleged practices were illegal – that only a few or a handful of employees will elect to opt into the FLSA action. Were that to occur, we would be left with the rather incongruous situation of an FLSA "class" including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees.[2] Because all of the companies' present and former employees will have the chance to decide whether to join the case, and because those who wish to do so will be before the Court, it makes no real sense to the Court to certify a class that will *automatically* include all of the employees unless they opt out. Under these circumstances, and because of the relatively modest number of existing present and former employees, the Court sees nothing to favor the proposition that we should impose on the collective FLSA claim an overlay of a Rule 23(b)(3) state-law class. The Court therefore finds that a class action is not a superior means of resolving the state-law claims.

---

[1] Plaintiffs' state law theories are parallel to their FLSA claim, and thus there is no appreciable risk that an employee might decide not to opt in due to unawareness of the possibility of making a state law claim.

[2] In the Court's experience, few if any persons who receive notice of a class action opt out; though one could argue that this is because the vast majority of notice recipients make an affirmative decision to stay in the case, it is just as likely that the tiny number of opt-outs occurs because recipients ignore the notice (believing it to be "junk mail") or once seeing it, do not bother to read it.

4

## Conclusion

For the foregoing reasons, the Court grants plaintiff's motion and amended motion to send notice to class members [docket item 21-2] with regard to the FLSA claim but denies her motion and amended motion for class certification [item 21-1] with regard to the state law claims. The Court directs the parties to submit an agreed proposed notice, or alternative proposals of a notice, to chambers on or before June 28, 2002. The case is set for a status hearing on June 28, 2002 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: June 21, 2002